CTS

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2005 OCT -5 PM 3:37
CLERK OF COURT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICIA JOY BENNETT, | § | |
| | § | |
| Plaintiff, | § | 4-05CV-622-A |
| | § | |
| VS. | § | CIVIL ACTION NO. ______________ |
| | § | |
| KROGER TEXAS, L.P., d/b/a KROGER FOOD STORES, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### JURISDICTION

1. This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This court has subject matter jurisdiction based on Title VII and the court may exercise supplemental jurisdiction of all related state-law based claims.

3. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case of controversy.

### PARTIES

4. Plaintiff, Patricia Joy Bennett, a/k/a Patricia Joy Lind, is a citizen of the United States and the State of Texas and currently resides in Sweetwater, Nolan County, Texas.

5. Defendant, Kroger Texas, L.P., d/b/a Kroger Food Stores, and operating as Kroger Store #807 located at 7201 Grapevine Highway, North Richland Hills, Tarrant County, Texas,

is a limited partnership organized under the laws of the State of Texas with its principal being KRGP, Inc, a corporation organized under the laws of the State of Texas and may be served by serving **CORPORATION SERVICE COMPANY, d/b/a CSC-LAWYERS INCORPORATING SERVICE COMPANY,** its registered agent authorized to accept service at **701 BRAZOS STREET, SUITE 1050, AUSTIN, TEXAS 76701**.

## NATURE OF ACTION

6. This is an action under Title 42 U.S.C. Section 2000e et seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT TO SUIT

7. Plaintiff has complied with all the prerequisites to an action under Title VII:

   a. On September 29, 2004, the Plaintiff timely filed a charge for the discrimination alleged in this complaint with the Equal Employment Opportunity Commission.

   b. On July 11, 2005, the EEOC notified the Plaintiff of the termination of any further processing of this charge of employment discrimination and gave the Plaintiff a right-to-sue letter, permitting Plaintiff the right to institute this action within 90 days of the receipt of the notification.

   c. The Plaintiff filed this action within 90 days of the receipt of her Notice of Right to Sue.

## FACTS

8. On or about January 2003, the Plaintiff began her employment with the Defendant as a Certified Pharmacy Technician and on or about July 2003, was transferred to the Kroger Store #807, located at 7201 Grapevine Highway, North Richland Hills, Texas 76118.

9. On or about July 2003, Plaintiff was assigned by Defendant, its agents, servants, or employees to a supervisor, one Keith Lowe, the Pharmacist-in-Charge at the Kroger Pharmacy located within the Kroger Food Store.

10. Beginning on or about July 2003, RUSTY CRAINE, a licensed Pharmacist employed by the Defendant and assigned to the Plaintiff by the Defendant in the Defendant's pharmacy, and with such Pharmacist being her superior, commenced an immediate and continual course of conduct, in which he sexually harassed the Plaintiff.

11. Immediately upon transfer to store #807, RUSTY CRAINE began telling the Plaintiff very graphic and crude sexual jokes, began discussing sex acts with the Plaintiff in graphic detail, and discussed his own intimate sex experiences and desires with the Plaintiff. Such actions continued to escalate and became even more frequent after the Plaintiff complained. RUSTY CRAINE continually discussed the details of oral sex with a female and directing such comments toward the Plaintiff. The Plaintiff repeatedly and forcefully requested him to stop.

12. RUSTY CRAINE would continue the harassment, the Plaintiff would get angry and the Pharmacist, RUSTY CRAINE, would just laugh along with some of the other employees and management. Such behavior was reported to the Plaintiff's immediate supervisor, the store manager and the district manager. Some meetings were held but no action taken and the sexual harassment continued. The Plaintiff began to suffer emotional and physical problems due to the

stress caused by the sexual harassment. She was finally forced to resign in May 2004.

13. The Plaintiff sought unemployment benefits by and through the Texas Workforce Commission and such benefits were initially denied. The Plaintiff appealed the denial of benefits and after a hearing on or about June 21, 2004, the Texas Workforce Commission reversed the decision. The hearing officer found that the Plaintiff was separated from her job because the claimant could no longer perform her job duties due to her depression arising from the stress caused by the sexual harassment. The hearing officer found that she provided medical evidence to her employer but the Defendant did not allow her to return to her job. The Texas Workforce Commission's administrative decision held that the claimant is considered to have voluntarily left the employer with good cause connected with the work.

**SEXUAL HARASSMENT**

14. Defendant, Kroger Texas, L.P., d/b/a Kroger Food Stores, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

15. The sexual harassment by RUSTY CRAINE was repeated and was designed to compel the Plaintiff to submit to his sexual advances, thus rendering Plaintiff's submission to the sexual advances of RUSTY CRAINE a term or condition of employment.

16. The sexual harassment by the Pharmacist substantially affected the Plaintiff's employment and caused the Plaintiff to terminate employment rather than submit to the continual sexual harassment and advances.

17. Following the commencement by RUSTY CRAINE of the numerous acts of sexual harassment, the Plaintiff made numerous complaints to the Defendant, its agents, servants, or employees; specifically, the Plaintiff reported this behavior to her supervisor, Keith Lowe

from July 2003 when it began to May 2004 and no action was ever taken. Since no action was taken by her supervisor, she also began reporting the behavior to Raye Ann Hall, the Store Manager beginning in January 2004 and continued to May 2004 and finally reported the behavior to Mr. John White, the Regional Manager, during April 2004.

18. Despite the complaints made by the Plaintiff to the Defendant, its agents, servants, or employees, the Defendant failed and refused to terminate the course of conduct of RUSTY CRAINE, thus condoning the illegal acts and transforming the acceptance of the sexual advances of the Pharmacist, RUSTY CRAINE, into a condition of Plaintiff's continued employment.

19. The conduct of RUSTY CRAINE, constituting sexual harassment, abuse, and discrimination, was further ratified and condoned by the Defendant in that RUSTY CRAINE sexually harassed other female employees of the Defendant and compelled their submission to sexual intimacies and activities and other acts of sexual harassment.

a. This conduct by RUSTY CRAINE was in fact known to the Defendant, its agents, servants, or employees, and

b. The Defendant failed and refused to terminate this Pharmacist, thus rendering the Pharmacist's conduct a policy of the Defendant that submission to sexual harassment is a condition of employment.

20. The Defendant, its agents, servants or employees, by their conduct alleged in this complaint, intentionally, willfully, and without justification deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, particularly the right to be free from sexual discrimination and harassment.

21. Defendant, Kroger Texas, L.P. d/b/a Kroger Food Stores, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of 42 U.S.C. Section 2000e (2) (a).

22. Defendant, Kroger Texas, L.P. d/b/a Kroger Food Stores, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to male employees similarly situated in violation of 42 U.S.C. Section 2000e (2) (a).

23. Defendant sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 2000e (2) (a). Defendant, Kroger Texas, L.P. d/b/a Kroger Food Stores, knew or should have known of the harassment, yet failed to take prompt remedial action.

24. Plaintiff alleges that Defendant, Kroger Texas, L.P. d/b/a Kroger Food Stores, sexually harassed Plaintiff on the basis of sex with malice or with reckless indifference to the federal-protected rights of Plaintiff.

**CONSTRUCTIVE DISCHARGE**

25. Kroger Texas, L.P. d/b/a Kroger Food Stores made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY KROGER TEXAS, L.P. d/b/a KROGER FOOD STORES**

26. Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores by and through its employees and management and by allowing and not preventing such sexual harassment and/or sex discrimination of its employees, intentionally or recklessly caused the sexual harassment of the Plaintiff. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

**NEGLIGENCE BY KROGER TEXAS, L.P. d/b/a KROGER FOOD STORES**

27. Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores owed a legal duty to protect the Plaintiff employee from such sexual harassment and/or sexual discrimination. Defendant breached this duty which proximately caused injury to Plaintiff. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

**NEGLIGENT HIRING AND RETENTION OF RUSTY CRAINE BY KROGER TEXAS, L.P. d/b/a KROGER FOOD STORES**

28. Plaintiff alleges that the conduct of Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores constituted negligent hiring and retention of an employee. Plaintiff alleges that Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether RUSTY CRAINE was unfit, incompetent, or a danger to third parties. Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores knew or should have known that RUSTY CRAINE was unfit and could foresee that RUSTY CRAINE would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant Kroger Texas, L.P. d/b/a Kroger Food Stores's failure to exercise reasonable care in the hiring and continued employment of RUSTY CRAINE was the proximate cause of damages

to Plaintiff for which Plaintiff hereby sues.

## DAMAGES

29. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;
b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;
c. All reasonable and necessary costs incurred in pursuit of this suit;
d. Emotional pain;
e. Expert fees as the Court deems appropriate;
f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;
g. Inconvenience;
h. Interest;
i. Loss of enjoyment of life;
j. Mental anguish in the past;
k. Mental anguish in the future;
l. Reasonable medical care and expenses in the past. These expenses were incurred by Patricia Joy Bennett and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;
m. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
n. Loss of earnings in the past;
o. Loss of earning capacity which will, in all probability, be incurred in the future; and
p. Loss of benefits.

## EXEMPLARY DAMAGES

30. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant

for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Patricia Joy Bennett, pursuant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount in excess of $50,000.00, within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF DANNY D. BURNS**
115 North Henderson Street
Fort Worth, Texas 76102-1940
817.870.1544
817.870.1589 Fax

**DANNY D. BURNS**
Texas State Bar No. 03443800

**ALAN J. WEAST**
Texas State Bar No. 20996000